M. J. TERRANOVA and JOSEPHINE TERRANOVA, his wife, and ROYAL INDEMNITY COMPANY, *Plaintiffs in Error,* v. HUGO STEARNS, Adm. of the estate of HERMAN ALTHOF and ELIZABETH ALTHOF, deceased, *Defendants in Error.*

141 So. 597

145 So. 256

Division B.

Decision filed May 18, 1932.

Opinion Rehearing filed January 11, 1933.

*Walter G. Ramseur and J. Carl Lambdin and B. K. Roberts,* for Plaintiffs in Error;

*Chas. J. Maurer, Wm. G. King and J. Frank Houghton,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed.

WHITFIELD, P. J., and TERRELL and DAVIS, J. J., concur.
Petition for Rehearing.

PER CURIAM.—On petition for rehearing in this cause the peition urges that we answer the question of whether or not an unsealed instrument will be treated as a writing obligatory because it contains the words "signed and sealed." It is also urged that the forfeiture and re-entry were illegal because demand for the rent was not made as contemplated by law, that the lease was held by the entireties and could not be forfeited except by notice to both husband and wife, that forfeitures are not favored in this State and that the judgment is excessive.

We have carefully reviewed the record with these questions in mind. The state of it is such that some of them cannot be answered as they were raised for the first time in this court. We are of the view, however, that such errors as were committed were harmless for which reversal does not lie. Sec. 2802 R. G. S. of 1920 (Sec. 4499 C. G. L. of 1927).

On second examination we have reached the conclusion that the judgment is excessive. If the Plaintiff below will enter a remittitur in the sum of $3500.00 the judgment will stand affirmed for the balance, as of the date thereof, otherwise it will be reversed and a new trial awarded.

Affirmed on condition of remittitur.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.