VAUGHN-GRIFFIN PACKING COMPANY v. MRS. ANNIE R. FISHER, a Widow

193 So. 553
Division A
Opinion Filed January 19, 1940
Rehearing Denied February 17, 1940

*John S. Lavin,* for Plaintiff in Error;

*John R. Parkinson* and *E. A. Rano,* for Defendant in Error.

THOMAS, J.—The plaintiff in the circuit court, plaintiff in error here, brought suit against the defendant and in its declaration claimed damages in the sum of $750.00 on the common counts for: money received by the defendant for the use of the plaintiff; money paid by the plaintiff for the defendant at her request; money lent by the plaintiff to the defendant; and money found to be due from the defendant to plaintiff on accounts stated between them.

From the bill of particulars it appears that the real basis of the suit was to recover the sum of $500 paid by the plaintiff to the defendant on a contract to purchase citrus fruit.

The contract, which was introduced at the trial, or so much of it as is relevant to the determination of the ques-

tions presented to us, provided that the plaintiff would pay the defendant $1.00 for each standard field box of her citrus fruit produced during the season of 1937-1938 on her grove consisting of eighteen acres located in Volusia County, Florida. It was estimated in the contract that there would be about six hundred boxes of oranges, two hundred of grapefruit, one hundred and fifty of tangerines and three hundred of Valencias. The purchaser was allowed until the twentieth day of December, 1937, for the removal of "midseason fruit" and until April first of the following year for the removal of the variety known as Valencias. It was further stipulated that the contract should apply only to merchantable fruit and that fruit defective from the causes specified including "frost damage" should not be involved.

The result of the trial was a verdict for the defendant and consequent judgment, whereupon the plaintiff sued out a writ of error.

In the course of the trial it developed that in the early part of the month of December the area where the grove was located was visited by a freeze and a part of the citrus fruit mentioned in the contract was damaged but the record is not convincing that the entire crop was destroyed and, in fact, on the contrary shows that more than five hundred boxes of it were actually sold in the market.

The first question presented in the brief for the plaintiff in error is the one whether the court committed reversible error in refusing to give an instruction to the jury defining the expression "frost damage." The charge requested by the plaintiff on this subject contained but one sentence which would have referred, had it been given, to the correct interpretation of these words as they appeared in the contract, *id est*:

"No particular amount of frost damage was specified so

you are instructed that this means any perceptible degree of frost damage."

There was no appreciable error in the action of the trial court in denying this particular instruction or in failing to explain to the jury the degree of damage which would eliminate the affected fruit from the terms of the contract. In the first place, the words have an ordinarily accepted meaning and in such circumstances it is unnecessary for the court to offer a definition to the jury. See Ralph Wester v. State, decided this term.

As we have observed, the fruit which was to be purchased under the contract was that which was good and merchantable. Reading all the qualifications together the purchaser was entitled to a product which was not damaged by frost to the degree that it was unmerchantable. The trial judge was quite explicit in his instructions and it cannot be successfully maintained that any injustice resulted to the plaintiff's case by reason of his failure to give the requested charge or the sentence of it which we have quoted.

The next contention is that there was error because witnesses were allowed to testify as to the condition of the citrus fruit as late as April thirteenth, 1938, or approximately four months after the visitation of the freeze. In view of the provision of the contract that fruit could be removed as late as April first, there was no error in the court allowing information to go to the jury as to the quality of the crop during that month.

The first assignment of error basis for the next question, is that the court's action in sustaining the objections to the interrogatories was improper. It is said by counsel for the plaintiff in error that there can be little doubt that some of the questions proposed were proper. We have examined them and although this may be true, we feel that

some of them were improper. In this situation, an assignment of error which fails to give with particularity the interrogatory insisted upon as proper must fail. In other words, if an assignment raises the propriety of the court's action in a series of rulings and one of them is correct the assignment cannot avail the plaintiff in error anything. Palm Beach Estates v. Croker, 106 Fla. 617, 143 South. Rep. 792; citing Hammond v. Vetsburg Co., 56 Fla. 369, 48 South. Rep. 419.

The contract was an executory one. It is insisted that in such case the buyer was not obligated to accept less than the amount of fruit sold him under it, "both as to quality and as to quantity."

We have examined the cases relied upon by the plaintiff in error to support this position but do not find them applicable to the one at bar. It seems that the rule that has been established is that where a contract is made for the purchase of certain goods they must be of the quantity as well as the quality stipulated. In Norrington v. Wright, 115 U. S. 188, 29 L. Ed. 366, 6 Sup. Ct. Rep. 12, it was held in effect that quantity is as much the essence of the contract as is quality.

In Metcalf v. Keene & Co., 122 Fla. 27, 164 South. Rep. 704, it was said that a contract for the purchase of the entire crop of fruit produced on a certain piece of property at a stated price per box regardless of the comparative value of the different varieties was not severable. We do not comprehend the applicability of that principle to the present case. Here the contract contemplated the very contingency which arose, viz.: damage from frost. There is no question of the severability of the contract. Clearly it was the obligation of the buyer to harvest the crop of oranges, grapefruit and tangerines not later than December twentieth and the Valencia oranges not later than April

first. Although the contract contained an estimate of the number of boxes which would be produced there was no undertaking on the part of the seller to deliver any particular number. On the contrary, it is evident that the parties intended that there should be delivered only such of the production as at the time of the harvest was good and merchantable and not defective from conditions stated, including the one, "damage by frost." It was contemplated that the quantity of the product would be necessarily influenced by the quality and that the latter would depend, among other things, upon the elements. The logical consequence seems to be that it was the duty of the purchaser to gather some of the fruit not later than December twentieth, discarding such of it as was not good and merchantable because frostbitten or otherwise damaged, and to pick the Valencia oranges not later than April first, by the same standard.

The record is utterly silent as to any attempt on his part to harvest the crop in this fashion. Under these circumstances it is difficult to see how he could have expected to recover on common counts for the entire amount of his deposit. To support him in his contention that because the temperature in the area where the property was situated dropped there was no further obligation on his part and that he could ignore the contract and recover the amount paid, would be to countenance an outright injustice. There appears to be no logic in the position that although he agreed to take fruit not damaged by frost he would be relieved from taking any of it if some of it were thus affected.

The judgment of the lower court is—

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.