STANFORD FRUIT GROWERS, INC., a corporation, v. ELIAH SINGER.

12 So. (2nd) 464     ·     January Term, 1943
March 23, 1943      Division A
Rehearing Denied April 8, 1943

*W. H. Hamilton, E. R. Baker* and *Carver & Langston,* for appellant.

*Smith & Petteway,* for appellee.

ADAMS, J.:

Appellant contracted to purchase appellee's entire crop of grapefruit for 67½ cents per box. All fruit was to be picked and removed by appellant on or before April 15, 1940. Appellee assumed the risk of cold by a clause in the contract reading:

"It is agreed that you are to assume all risk of windstorm and freeze damage to this fruit and that we shall not be required to pick or pay for fruit so damaged."

On January 27, 1940, while there was still approximately 5,000 boxes of fruit on the trees, a severe freeze occurred. Appellant declined to pick the fruit and insisted that he was relieved of the contract because the fruit was sold to pack and ship and the State law would not permit him to do so because of the cold damage.

After April 15, appellee sold the fruit for canning pur-

poses at 30 cents per box; sued appellant for the difference and recovered a judgment.

It appears that more than 15 per cent of the fruit was damaged by frost. Fifteen per cent was the tolerance limit for shipping under the law. See Chapter 19291, Acts of 1939. It was appellee's theory that while more than 15 per cent might have been damaged, yet it was possible and proper, to grade out a sufficient quantity of the cold damaged fruit and thereby render the remainder eligible for shipment under the law. Appellant insists that there was no adequate method of grading out the cold damaged fruit. From these adverse contentions arises the real question. Notwithstanding the freeze, it was appellant's obligation to endeavor to merchandise the fruit. See Vaughn-Griffin Packing Company v. Fisher, 141 Fla. 428, 193 So. 553. If, after making a reasonable effort, by grading the fruit and submitting it to duly authorized inspectors, it would not pass the test fixed by law then the contract was at end. On the other hand, if the purchaser did not make a reasonable effort to grade out the cold damaged fruit to enable the remainder to pass the lawful test, he is yet bound by the contract. The determination of this is a question of fact. There was substantial testimony offered by each party. The verdict is sustained by ample testimony and we find no error in the record to warrant our reversing the judgment.

Affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.