**HART v. GRIM (EMPIRE STATE INS. CO., Intervener).**

No. 14019.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1950.

William E. Heller, Fargo, N. D., for appellant.

P. W. Lanier, Fargo, N. D., (Lanier & Lanier, Fargo, N. D., and Joseph P. Ste-

vens, Minot, N. D., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

Appellee D. F. Grim brought this action against appellant George Hart to recover damages for personal injuries and damage to property arising out of an automobile collision. Appellee Empire State Insurance Company intervened and became in effect a party plaintiff. The case was tried to a jury which returned a verdict in favor of D. F. Grim for $8,316.00 and in favor of the intervener for $350.00. As no questions are presented affecting the interest of the intervener it need not be further mentioned. We shall refer to appellee D. F. Grim as plaintiff and to appellant George Hart as defendant.

It is alleged in plaintiff's complaint that on or about November 15, 1948, while he was driving his automobile in an easterly direction on Highway No. 2 between Stanton and Berthold, North Dakota, over the top or crest of a hill, a truck trailer owned and operated by defendant came up the hill on the wrong side of the highway and was being negligently operated, and as a result of such negligence there was a collision between plaintiff's automobile and defendant's trailer truck, whereby plaintiff was seriously and permanently injured, and his automobile and other personal property were damaged.

Defendant by his answer denied all allegations of negligence and as an affirmative defense alleged that plaintiff was guilty of contributory negligence in that he was driving at an excessive rate of speed and failed to use ordinary care in keeping a proper lookout and in driving his automobile over and onto defendant's lane of traffic.

There was evidence that at the time of the accident plaintiff was driving easterly on Highway No. 2, going at a speed of approximately forty miles an hour; that when he reached the top of the hill or grade, he noticed the defendant's truck trailer coming toward him in a westerly direction, occupying the south or wrong side of the highway; that plaintiff thereupon stepped on his brakes, gradually slowing down his car, expecting at first that the driver of the defendant's truck would see him and turn over onto his own side of the highway; that as the two vehicles approached and it became apparent to plaintiff that the defendant's driver was not going to get over onto his side of the highway plaintiff was then confronted with an emergency and in order to avoid a head-on collision turned into the right hand ditch, swinging his car to the left over on the north side of the highway, and at about the same time the driver of defendant's truck also turned over onto the north side of the highway, resulting in the collision.

Testimony of behalf of the defendant tended to show that he was proceeding in a westerly direction and that at about the bottom of the hill he was going at a rate or speed of approximately twenty-two miles an hour; that when he had reached a point approximately 400 feet from the top of the hill, he noticed plaintiff's car coming toward him; that at that time defendant's truck was traveling with the left wheels approximately three feet out or to the wrong side of the center of the highway; that when he saw the plaintiff he turned immediately to his right and at the same time plaintiff turned his car into a northeasterly direction over onto the north side of the highway and that the collision occurred north of the center of the pavement. It was defendant's theory that plaintiff was responsible for the collision, or contributed thereto.

At the close of plaintiff's evidence defendant interposed a motion for a directed verdict in his favor, which motion was denied. Defendant then introduced evidence in support of his defense and the case was submitted to the jury on instructions to which certain exceptions were saved. The jury returned a verdict in favor of plaintiff as above noted and from the judgment entered on that verdict defendant prosecutes this appeal, seeking reversal on substantially the following grounds: (1) the court erred in denying defendant's motion

for a directed verdict interposed at the close of plaintiff's case; (2) the court erred in admitting in evidence certain exhibits, known in the record as Exhibits 5 and 6, blue prints of drawings of certain portions of the highway; (3) the court erred in instructing the jury that it was negligence for the operator of a motor vehicle to operate the same upon the left or wrong side of the highway while traveling on an upgrade where his vision was bound to be obstructed.

While defendant interposed a motion for a directed verdict at the close of plaintiff's evidence, after his motion was overruled he introduced evidence in support of his defense. This constituted a waiver of his motion for a directed verdict. He failed to interpose a motion for a directed verdict at the close of the case. In this situation the question of the sufficiency of the evidence to sustain the verdict and judgment is not reviewable in this court. Harnik v. Lilley, 8 Cir., 167 F.2d 159; Black, Sivalls & Bryson v. Shondell, 8 Cir., 174 F.2d 587.

In the course of the trial counsel for plaintiff offered in evidence two blue print copies of maps of certain portions of United States Highway No. 2. These were identified by a civil engineer employed with the North Dakota State Highway Department as copies of records of that office and were shown to be maps pertaining to that portion of the highway on which the accident occurred. They had not been prepared for use as evidence in this case but were simply copies of records in the office of the North Dakota State Highway Department. It was shown that the maps were drawn to a horizontal scale of 100 feet to one inch and a vertical scale of 10 feet to one inch. They were objected to on the ground that they would give the jury a distorted picture of the situation of the highway. The court in overruling the objection said, "In view of the explanation given by the witness, the fact that the jurors were given that and the jurors understand that, I am going to overrule the objections to Plaintiff's Exhibits 5 and 6 and they may be received."

The court then said to the jury, "Gentlemen of the Jury: Of course, in looking at plaintiff's Exhibits 5 and 6 you will have in mind the explanation given by Mr. Bradley."

During the course of the trial defendant offered and there were received in evidence photographs taken of the portion of the highway where the accident occurred. These photographs were taken shortly after the accident and one of them was taken with the camera near the bottom of the hill looking toward the top, showing very clearly the topography and the relative ascent of the hill. The blue prints were identified as being correct copies of public records. The scale upon which they were drawn was explained fully. We think the objection did not go to the admissibility of the evidence, but rather to their probative value. The court particularly called the jury's attention to the scale on which they had been drawn, as shown by the witness, and the jury could not have been misled or deceived by these exhibits. This is particularly true in view of the photographs and other exhibits introduced by the defendant.

The court quoted the statutes of North Dakota relative to the law of the road. Section 39-1001, North Dakota Revised Code of 1943 reads as follows: "The driver of a vehicle shall drive the same upon the right half of a highway upon all highways of sufficient width except upon one way streets, and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in sections 39-1006 and 39-1007."

Section 39-1003 reads: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway, as nearly as possible."

The court then instructed the jury as follows: "You are instructed that it is

negligence for the operator of a motor vehicle to drive the same upon the left or wrong side of the highway while traveling on an upgrade where his vision is bound to be obscured, and if you find in this case that the defendant, through his truck driver, was driving upgrade and was driving his truck on the left-hand side of the highway or to the left of the center of the highway, then the defendant would be guilty of negligence, and if you find that such negligence was a proximate cause of the accident and the resulting injuries to the plaintiff, then the defendant would be liable therefor, unless, of course, you find that the plaintiff himself, through some negligence on his part, contributed to cause the accident."

Defendant excepted to this instruction on the ground that under the law of North Dakota "such an act is not negligence per se but is merely evidence of negligence."

In support of his contention that the giving of this instruction was reversible error, defendant cites the case of Nordby v. Sorlie, 35 N.D. 395, 160 N.W. 70, L.R.A.1917B, 753. In that case the court held that the fact that the defendant was upon the wrong side of the highway was not, standing alone, sufficient to give rise to an assumption of negligence, and it is argued that the proof of the violation of traffic regulations is not absolute proof of negligence. We think counsel have misconstrued the court's instruction. The conclusion of negligence is not based alone upon the fact that the defendant may have been driving on the wrong side of the highway, but the jury was told in effect that if they found that the vehicle was being driven on the wrong side of the highway "while traveling on an upgrade where the vision is bound to be obscured," then this would be negligence. Under the undisputed evidence the driver of the defendant's truck was on the wrong side of the road while he was going uphill and while he was unable to see ahead of him farther than the brow of the hill.

In the article on motor vehicles in 60 C.J.S., Motor Vehicles, § 281, at page 657, the author points out that whether the position of a motor vehicle establishes the operator's negligence depends upon the whole situation. It is there stated that, " * * * The circumstances may be such that driving on the left-hand side of the road will constitute negligence or even gross negligence. Thus, it is negligence for one to drive along the wrong side of the road when conditions are such that he is unable to see ahead of him, as where his view is obstructed * * *."

The rule seems to be well stated in 4 Blashfield's Cyclopedia of Automobile Law and Practice, 4, § 2681, page 168 where it is said, " * * * The rule supported by the great weight of authority is that a violation of traffic regulations of state or municipality so far as they embody express commands governing the use of vehicles is negligence per se, which, if the proximate cause of the injury complained of will constitute a cause of action against the violator. * * * "

In some jurisdictions it has been held not negligence per se to violate regulations governing the meeting and passing of vehicles, but where, as in the instant case, the vehicle is going uphill on the wrong side of the highway in violation of the law is held to be negligence per se even in the jurisdictions following the minority rule. We are of the view that under the undisputed evidence the instruction was warranted. It is to be noted that the court told the jury that if such negligence was the proximate cause of the accident the defendant would be liable.

We have considered the instructions as a whole, as we must, and we are of the view that they clearly and correctly presented the controverted issues to the jury. The judgment appealed from is therefore affirmed.