97 So.2d 490 (1957)
6551 COLLINS AVENUE CORP., a Florida corporation, doing business as Monte Carlo Hotel, Appellant,
v.
Beverlee MILLEN, a single woman, Appellee.
No. 57-38.
District Court of Appeal of Florida. Third District.
October 8, 1957.
Rehearing Denied November 6, 1957.
*491 Edwin H. Underwood, Jr., and George B. Pomeroy, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, Miami, for appellee.
HORTON, Judge.
The appellee brought suit in the lower court against the appellant for personal injuries sustained while a guest in a hotel operated by the appellant. The cause was tried and resulted in a jury verdict and judgment for the appellee. The appellant has assigned as error the following: (1) Failure of the lower court to direct a verdict for the appellant during the course of the trial; (2) Failure of the lower court to direct a verdict after trial and verdict; (3) The record shows the appellee voluntarily assumed the risk of the undertaking that resulted in her injuries; and (4) The record shows that the appellant was not guilty of any act of negligence proximately causing the appellee's injuries.
This cause is now before the court on the motion of the appellee to dismiss the appeal. The grounds of the appellee's motion are two-fold: (1) The appellant failed to renew its motion for directed verdict at the conclusion of all the evidence, and (2) The appellant failed to file a motion for a new trial, both of which are premised solely on the fact that the appellant's assignments of error challenged the sufficiency of the evidence to support the jury's verdict. A review of the assignments of error compels the conclusion that only the sufficiency of the evidence produced in the lower court to sustain the verdict has been challenged on appeal. The motion is granted and the appeal is dismissed.
The record discloses that the appellant moved for directed verdict at the conclusion of the appellee's case. The lower court reserved ruling on the motion and the appellant thereupon put on its case. The appellant did not renew its motion for directed verdict at the close of all the evidence and the case was submitted to the jury. Subsequent to the jury's verdict, but prior to the entry of judgment, the appellant renewed its motion for directed verdict which was denied, but made no motion for a new trial, or other post trial motions.
In examining the appellee's first ground in her motion to dismiss, we feel it necessary to consider the rule pertinent to that issue. Rule 2.7, Florida Rules of Civil Procedure, Fla. Stat., 31 F.S.A., provides as follows:
"(a) Effect. A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so and to the same extent as if the motion had not been made. The denial of a motion for a directed verdict shall not operate to discharge the jury.
"A motion for a directed verdict shall state the specific grounds therefor.
"(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to *492 the jury at such time subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with the motion for a directed verdict.
"(c) Joined with Motion for New Trial. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."
In line with Rule 2.7(a), the appellant moved for a directed verdict at the conclusion of the plaintiff's case and the court reserved ruling on the motion. The rule does not authorize the court to reserve ruling on such a motion, but when the appellant proceeded to put on its case without a ruling from the court on its motion, it is deemed to have waived the same. See O'Malley v. Cover, 8 Cir., 221 F.2d 156, and Hart v. Grim, 8 Cir., 179 F.2d 334, infra, and cases cited thereafter.
Although exhaustive research has been made, we have been unable to discover any case in Florida that has ruled directly on the point in question. However, from a reading of Section (b) of Rule 2.7, supra, it would appear to the court that only those litigants who have moved for a directed verdict at the close of all the evidence are in a position to renew their motion after verdict. This would appear to be the intent and purpose of the rule and we further feel that it is supported by sound logic. The litigant who does not avail himself of the opportunity to move for a directed verdict at the conclusion of all the evidence obviously must feel that the evidence is sufficient to go to the jury and should not thereafter be heard to complain of his neglect or failure to so move. Under Rule 2.7(b), supra, it is only when a motion for directed verdict has been made at the close of all the evidence, and the motion is either denied or for any reason is not granted, that the motion is carried over beyond the verdict in order to attack the legal sufficiency of the evidence to support the verdict.
Rule 2.7, supra, is almost verbatim with Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under the interpretations given to Rule 50, the federal courts have generally concluded that the failure to move for a directed verdict at the close of all of the evidence, after motion for such verdict at the conclusion of the plaintiff's case precludes an appellate review of the sufficiency of the evidence to sustain the verdict. In O'Malley v. Cover, 8 Cir., 221 F.2d 156, the defendant moved for a directed verdict at the close of the plaintiff's case. The court reserved its ruling on the motion, whereupon the defendant proceeded to introduce his evidence. In that instance, the appellate court concluded that the defendant waived his motion for directed verdict, observing that it was an ancient and familiar rule that an appellant is not entitled to a review of the sufficiency of the evidence to support a jury verdict unless at the close of all the evidence taken at the trial he moved the trial court to direct a verdict in his favor on specified grounds.
In the case of Hart v. Grim, 8 Cir., 179 F.2d 334, the defendant interposed a motion for directed verdict at the close of the plaintiff's evidence. His motion was overruled *493 and he proceeded to introduce evidence in support of his defense. He failed, however, to interpose a motion for directed verdict at the close of all the evidence. The court in that case construed the defendant's action in introducing evidence in support of his defense as a waiver of his motion for directed verdict and in that situation, the question of the sufficiency of the evidence to sustain the verdict was not reviewable in the appellate court. See H.F. Wilcox Oil & Gas Co. v. Skidmore, 8 Cir., 72 F.2d 748; Minnehaha County, S.D., v. Kelley, 8 Cir., 150 F.2d 356; Capital Transp. Co. v. Compton, 8 Cir., 187 F.2d 844; Auto Transport v. Potter, 8 Cir., 197 F.2d 907; and Home Ins. Co. of New York v. Davila, 1 Cir., 212 F.2d 731.
This rule has long been followed in the United States Court of Appeals Fifth Circuit. In Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272, 274, the court said:
"Whether the verdict is authorized by the evidence is a question not reserved in the trial. The defendants went to the jury without challenging its sufficiency, and no error can be attributed to the judge thereabout. Federal appellate courts do not directly review jury verdicts but only rulings of the judge which may have affected the verdict. Rule of Civil Procedure 50, 28 U.S.C.A. following section 723c, does not do away with but emphasizes the necessity of a motion for directed verdict to raise the legal question whether the evidence is sufficient."
The rule was further affirmed and explained in a recent decision (1957), an appeal from the U.S. District Court S.D. of Florida, Stokes v. Continental Assurance Company, 5 Cir., 242 F.2d 893, 894, wherein the court stated:
"The reason for this rule makes clear that it is no mere technicality. If a party believes that his opponent has failed to produce the sufficiency of evidence that will support a verdict in his favor, he can choose either to ask the court to direct a verdict in his favor or he can take his chances with the jury. It is something of a gamble with him. If the court directs a verdict in his favor and this action is later reversed, he must face a new trial. He may therefore, in a doubtful case, prefer to leave his case up to the jury, as he did here. Having done so, and having lost before the jury, he cannot be heard later to say that the trial judge should be put in error for having submitted the matter to the jury in the first place. As has been so succinctly stated by Judge Sibley, under the circumstances of this case, `no error can be attributed to the (trial court) thereabout.' Baten v. Kirby Lumber Co., supra, 103 F.2d [272] at page 274."
See Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350; F.W. Woolworth v. Seckinger, 5 Cir., 125 F.2d 97; United States v. Harrell, 8 Cir., 133 F.2d 504; Burroughs v. United States, 5 Cir., 151 F.2d 647; Jorgensen v. York Ice Machinery Corporation, 2 Cir., 160 F.2d 432; Novick v. Gouldsberry, 9 Cir., 173 F.2d 496.
Barron and Holtzoff, Federal Practice and Procedure, Volume 2, Sec. 1081, has this to say with reference to motions for directed verdict:
"It is well established that the sufficiency of the evidence is not reviewable on appeal unless a motion for directed verdict was made in the trial court. There are sound reasons for this rule. The party who makes no motion for directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view. The appellate court, therefore, is powerless to review the sufficiency of the evidence to support the verdict if the appellant made no motion for directed verdict."
The motion filed by appellant after verdict could not serve to revive its motion *494 made at the close of appellee's case for the reasons hereinabove stated. There having been no motion for directed verdict made at the conclusion of all the evidence as contemplated by subsection (b) of the rule, there was nothing upon which the appellant's motion after verdict could have operated.
Therefore, we conclude that the appellant's failure to interpose a motion for directed verdict at the conclusion of the evidence precluded the appellant from exercising his right to test the legal sufficiency of the evidence to support the verdict by the post trial motions contained in Rule 2.7(b), supra. Such failure on the appellant's part in the lower court likewise precludes appellate review in this court of the evidence in the lower court.
In view of the opinions herein expressed, the court does not feel it necessary to decide the second question raised by the appellee.
The motion is granted and the appeal is dismissed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.