98 So.2d 510 (1957)
LEE COUNTY OIL COMPANY, Inc., a corporation, Appellant,
v.
Thomas E. MARSHALL, Appellee.
No. 70.
District Court of Appeal of Florida. First District.
November 19, 1957.
Rehearing Denied December 10, 1957.
*511 J.M. Sapp and H.P. Sapp, Panama City, for appellant.
Thomas Sale and Liddon, Isler & Welch, Panama City, for appellee.
WIGGINTON, Judge.
Appellee, as plaintiff in the trial court, was awarded a verdict against appellant for injuries sustained in a motor vehicle collision. It is from final judgment consequent upon such verdict that this appeal is taken.
The evidence shows without conflict that plaintiff, a fireman employed by the City of Panama City, was riding on the tailgate of the City's fire truck when it left its station on an emergency call at approximately 11 o'clock on the morning of the accident in which he was injured. From its station the fire truck proceeded some two hundred yards easterly along U.S. Highway 98, one of the City's main arterial streets, to a point of intersection with East Avenue. As it approached this intersection the fire truck was "riding the center line" with bell ringing, siren blowing, and its red blinker *512 light flashing a warning to approaching traffic. The driver of the fire truck testified that as he approached the intersection he removed his foot from the accelerator to break his speed, and failing to observe any traffic conditions appearing to him to be potentially hazardous, he proceeded.
As the fire truck crossed the center of the intersection it was struck by defendant's fully loaded, 56,000-pound, oil transport tractor-trailer unit, which was being driven north along East Avenue at a lawful rate of twenty miles per hour. There is complete conflict as to whether the electrically operated traffic light suspended above the center of the intersection showed green, amber or red as the fire truck entered the intersection. The driver of the defendant's transport testified that he neither saw the fire truck nor heard its warning signals in time to avoid the collision. He attributed this failure to the fact that a store building located on the southwest corner of the intersection completely obscured his view of traffic approaching from the west; his failure to hear the bell or siren being due in large measure to the noise made by the diesel motor of the transport. Defendant's driver further testified that he first observed the fire truck immediately upon coming abreast of the aforementioned building and at that moment applied his brakes and veered to the right in an effort to avoid the collision. The evidence shows the distance from the corner of the building to the center of the intersection to be approximately thirty-six feet, and further shows skidmarks on the pavement for a distance of five feet, which marks apparently were laid down by the rear wheels of the transport tractor prior to the impact. On cross examination defendant's driver testified that he could stop his vehicle within a distance of twenty feet when traveling at a speed of twenty miles per hour.
Three grounds are urged for reversal. Two of these grounds challenge the sufficiency of the evidence, and the third alleges error by the trial court in instructing the jury, over defendant's objection, on the doctrine of the last clear chance.
It is fundamental that an appellate court will review only those questions timely presented and ruled upon in the trial court.[1] And on appeal, a claim not made before the trial court in the proper manner will be considered as waived.[2]
31 F.S.A. Rule 2.7, Florida Rules of Civil Procedure, which is taken from and is almost identical with Rule 50, Federal Rules of Civil Procedure, 28 U.S.C.A. provides the only appropriate means of testing the sufficiency of evidence before the trial court. Subsection (b) of that rule provides that at the close of all the evidence either party may move for a directed verdict. If such motion is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a renewal of the motion within ten days after the verdict, or, in the absence of a verdict, within ten days after dismissal of the jury.
The record in the case now before this court fails to reveal that appellant moved for a directed verdict at the close of all the evidence. Having elected not to avail himself of the means provided in Rule 2.7, appellant cannot now be heard to question the sufficiency of the evidence upon which the jury based its verdict. Under such circumstances an appellate court is precluded from reviewing the sufficiency of the evidence for the reason that the question was not presented to the trial court nor reserved during the trial, and consequently no error *513 can be attributed to the court for failing to withdraw the case from the jury.[3]
The remaining assignment of error challenges the court's charge to the jury over defendant's objection upon the last clear chance.
Included among the essential ingredients which must be shown as a prerequisite to the application of this doctrine is evidence showing that (1) the person seeking to avail himself of the doctrine had by his own negligence placed himself in a perilous position from which he either could not or would not extricate himself, (2) the party charged was aware of such peril, and had sufficient time and means by the exercise of reasonable care to have avoided the ensuing injury.
There is no evidence upon which to base a finding that plaintiff himself was guilty of negligence, nor does the record reveal by what theory the negligence of the fire truck driver, if any, could be imputed to plaintiff. This question was not raised at the trial nor assigned as error, consequently we express no opinion in connection therewith except to observe that the question itself beclouds the propriety of the court's charge.
The application of simple mathematics readily establishes that not more than a fraction over one second could have elapsed between the time defendant's driver first observed plaintiff's vehicle and the instant of impact. Allowing a minimum of time for normal reaction, and notwithstanding the testimony of defendant's driver that it was his opinion and best judgment that he could halt his vehicle within a distance of twenty feet, it must be conceded that the transport driver would have been required to act with the speed and precision of automation in order to have avoided the collision. As stated by the Supreme Court of Florida in a similar situation[4]: "Such an application of the doctrine [of the last clear chance] would require reaction of super human speed for the time between the discontinuance of their [plaintiff's] driver's negligence and the occurrence of their injury would be reduced to a flash, during which the driver of the [defendant's] truck would be expected to take advantage of the last clear chance to avoid the injury." It has been repeatedly held that when time will not permit the party charged to avoid the collision by the use of normal faculties and the exercise of reasonable care, the doctrine of the last clear chance has no application and to charge the jury on this doctrine is error.[5]
Appellee urges that other facts support the judge's charge and invites our attention to an ordinance in force in Panama City which, under appropriate conditions, grants the right of way to emergency vehicles; and to the general principle of law which places upon a motor vehicle operator the duty to hear that which he should hear as well as to see that which should be seen. This general principle has been held particularly applicable to cases involving emergency vehicles which were sounding siren and bell at the time of the collision.[6] Appellee reasons that from the foregoing the jury could reasonably have concluded that initially the driver of the fire truck *514 negligently placed his vehicle in a position of peril by entering the intersection in violation of the requirements of the ordinance, but that defendant's driver heard or should be held to have heard the approaching fire truck in ample time to have stopped short of the intersection as required by the ordinance; and thus could the jury find that defendant did in fact have the last clear chance to avoid the collision. Such reasoning we concede has considerable force, but it sheds its validity when viewed in light of the record. Defendant's proffer of the questioned ordinance into evidence was rejected by the trial court without objection, and therefore, was not before the jury for its consideration. On the contrary, the court charged the jury that "the fact that the vehicle was or was not proceeding to a fire is not an issue in this case and is not to be considered by you in reaching your verdict * * *" (Emphasis supplied.) In like manner the trial court refused to instruct the jury upon the principle of law regarding a driver's duty to remain alert and attentive. No error having been assigned as to these rulings we are without authority to pass upon the correctness thereof. Nor can evidence which is excluded from the record by these specific rulings be successfully relied upon by appellee. In so holding we are mindful of, and do no violence to the rule that the question of who had the last clear chance to avoid a particular injury is ordinarily one of fact to be determined by the jury[7], since that rule necessarily presupposes the presence of sufficient evidence in the record to render the doctrine applicable.[8]
We, therefore, hold that the trial court erred in giving the charge on the last clear chance doctrine which has been challenged by the appeal herein.
For the reasons heretofore stated it is the opinion of this Court that the judgment appealed from must be and the same is hereby reversed, and the cause remanded for further proceedings not inconsistent herewith.
STURGIS, C.J., and O'CONNELL, STEPHEN C., A.J., concur.

On Rehearing.
WIGGINTON, Judge.
Appellee by his petition for rehearing filed herein expresses doubt as to the meaning and intent of the Court's judgment as contained in its opinion. In order that such doubt may be removed, we paraphrase what has already been said and hold that it is the judgment of this Court that the final judgment appealed from be and the same is hereby reversed and the cause is remanded for a new trial consistent with the views and rulings expressed and set forth in the opinion. The other grounds in support of the petition for rehearing have been examined and carefully considered and found to be without substance or merit and the Petition is accordingly denied.
STURGIS, C.J., and O'CONNELL, STEPHEN, C., A.J., concur.
NOTES
[1] E.g.: Terranova v. Stearns, 108 Fla. 21, 141 So. 597, 145 So. 256; Collins Ave. & Ocean Investment Co. v. Crawford, 114 Fla. 469, 154 So. 211; Southern Liquor Distributors, Inc. v. Kaiser, 150 Fla. 52, 7 So.2d 600.
[2] See: Mizner Land Corp. v. Abbott, 128 Fla. 489, 175 So. 507.
[3] Hart v. Grim, 8 Cir., 179 F.2d 334; Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272, 274; Stokes v. Continental Assurance Company, 5 Cir., 242 F.2d 893, 894; Barron & Holtzoff, Federal Practice and Procedure, Vol. II, Sec. 1081. For a complete discussion of this question see 6551 Collins Avenue Corp. v. Beverlee Millen, Fla., 97 So.2d 490.
[4] Ippolito v. Brenner, Fla. 1954, 72 So.2d 802, 803.
[5] See: Ippolito v. Brenner, supra; Becker v. Blum, 142 Fla. 60, 194 So. 275; Merchants Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Schoen v. Western Union Telegraph Co., 5 Cir., 135 F.2d 967.
[6] Eg.: Calvert Fire Ins. Co. v. Hall Funeral Home, La. App. 1953, 68 So.2d 626; Bryan v. City of Chicago, 371 Ill. 64, 20 N.E.2d 37.
[7] Merchants Transportation Co. v. Daniel, supra; Panama City Transit Company v. Du Vernoy, 159 Fla. 890, 33 So.2d 48.
[8] See: Williams v. Sauls, 151 Fla. 270, 9 So.2d 369, 371, wherein the Supreme Court of Florida reaffirmed the proposition that "* * * each party has a right to have the jury instructed on his theory of the case, when * * * there is substantial evidence to support his or her contention." (Emphasis ours.)