ALLEN, Judge.
This is an appeal from a final judgment dated June 10, 1957, based on a jury verdict for plaintiff in an action for recovery of attorney’s fees. Defendant appeals, the parties being referred to herein as they stood before the trial court.
The plaintiff sued the defendant for services to defendant and his wife with reference to an income tax deficiency claimed by the Internal Revenue Department in the amount of $31,553.75, which sum was eventually compromised for $3,003.72. The defendant refused to pay the plaintiff any sum for his services. The question involved in this appeal is the adequacy of the evidence to support the verdict and the claimed excessiveness of the verdict.
The plaintiff testified his services in the premises were worth $10,000 while the defendant’s witness, a tax expert with a Tampa law firm, testified such services were worth a minimum of $2,000 and a maximum of $3,000. Also involved in this case was a credit which the defendant’s children received for an over-assessment which resulted in net additional tax as *640 sessed against defendant, his wife and his children of $19,430.20. "
Plaintiff testified he took the necessary-steps to contest the assessments, including the filing of a petition in the United States Tax Court to reduce such assessment.
We do not deem it necessary to set out further in detail any of the voluminous file in this case. It is true, as asserted by the defendant, that the testimony of the plaintiff as to the reasonable value of his services was not as clear a statement as it should have been, but it was sufficient evidence for the jury if they believed the same, to bring in a verdict in favor of the plaintiff. The plaintiff’s testimony was that his services were worth $10,000, while the defendant’s testimony was that the plaintiff’s services were worth between $2,000 and $3,000. The jury, as is often the case, brought in a verdict that was between the two extremes. This was the province of'the jury and was concurred in by the trial judge by his failure to grant a‘ new trial.
The following question was stated by the Appellee:
“Whether or not the defendant is precluded from raising the question of the sufficiency of evidence to support the plaintiff’s case by his failure to make a motion for a directed verdict and by his failure to assign as error the action of the trial court in overruling his motion for a directed verdict, if, in fact, the defendant made a motion for a directed verdict.”
The plaintiff’s authority for the above question was based on the recent case of 6551 Collins Avenue Corporation v. Millen, Fla.App.1957, 97 So.2d 490, in which case it was held that the failure of defendant, to interpose a motion for directed verdict at the conclusion of all the evidence or tc renew its motion for directed verdict made at the close of plaintiff’s case precluded appellate review of the sufficiency of the evidence to sustain the verdict for the plaintiff. The District Court of Appeal of the Third District based its decision on the rulings of the Federal Courts, since Rule 2.7 of the Florida Rules, 31 F.S.A., is almost verbatim with Rule 50 of the Federal Rules of Civil Procedure, 28 U.S. C.A., from which the Florida rules are derived.
Subsequent to the briefs being filed in this case, and actually shortly before the argument before this Court, the Supreme Court of Florida in the case of Ruth v. Sorensen, 104 So.2d 10, 15 written by Mr. Justice Roberts, held contrary to the views expressed in 6551 Collins Avenue Corporation v. Millen, supra. The Court at the conclusion of its opinion, said:
“In these circumstances, the fact that the Florida Rule 2.7 is patterned after the Federal Rule 50 is entirely irrelevant to the question here considered. There is nothing in our rules of civil procedure to indicate that they were intended to abrogate a law of this state that has existed for more than one hundred years. Accordingly, we hold that the order of a trial judge denying a motion- for new trial on the ground that the verdict of the jury is contrary to the manifest weight of the evidence is reviewable in the appellate courts of this state on an appeal from the final judgment, even though no motion for directed verdict was made by the appellant under Rule 2.7, Fla. Rules Civ.Proc.”
Judgment is affirmed.
KANNER, C. J., and SHANNON, J., concur.