BARKDULL, Chief Judge.
By this appeal, the appellant [defendant in the trial court] seeks review of an adverse final judgment rendered upon a jury verdict in a personal injury action.
It appears from the record that the 'defendant offered no evidence in the trial court, that there were no controverted issues of fact, and that the defendant made no motion for a directed verdict. The only point presei'ved for review on appeal is the sufficiency of the evidence to support the verdict. No motion for a directed verdict having been made in the trial court, appellate review is precluded on the question of sufficient evidence to sustain the verdict. See: Rule 2.7(a) (b), Florida Rules of Civil Procedure, 31 F.S.A.; 6551 Collins Avenue Corp. v. Millen, Fla.App. 1957, 97 So. 2d 490. It also appears, from an examination of the assignments of error, that Assignments 1 and 3 have been abandoned. The only point in the brief is supported by the remaining Assignment No. 2, which is bottomed upon the multiple grounds alleged in the motion for new trial, none of which urge any error in the action of the trial judge. Therefore, this assignment is defective in two particulars: First, it fails to allege any error on the part of the trial judge [See: City of Coral Gables v. State, Fla. 1948, 38 So.2d 467; Red Top Cab & Baggage Company v. Grady, Fla.App.1958, 99 So.2d 871; 2 Fla.Jur., Appeals, § 121] and, second, it is a multiple assignment and, therefore, if any part of the assignment is bad the entire assignment fails. See: Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792;. Vaughn-Griffin Packing Co. v. Fisher, 141 Fla. 428, 193 So. 553; 2 Fla. Jur., Appeals, § 122.
*252 Notwithstanding the deficiency in the procedure adopted in the instant cause, we have examined the record on appeal and find that there is sufficient competent evidence to support the jury’s verdict and the judgment rendered thereon. Therefore, the judgment under review is hereby affirmed.
Affirmed.