ANDREWS, Judge.
The plaintiffs, Earl Baker and Helen Baker, his wife, appeal a final judgment ■entered for Enid I. Deeks, defendant, pursuant to a jury verdict.
The action arose as the result of an automobile collision in Naples, Florida. The vehicle owned by the defendant Enid Deeks, driven by her son, collided with the rear of the vehicle which was being driven by the plaintiff Earl Baker, and in which his wife, Helen Baker, was a passenger.
The defendant’s son, the driver of the vehicle, testified that just after going through an intersection the plaintiffs’ car came to “between a sudden sttíp and a medium stop,” that he applied his brakes as quickly as [he] could but that he “couldn’t come to a stop” before bumping the rear end of the plaintiffs’ car. The record reveals that there was a dispute between the parties in regard to (1) whether the plaintiff gave a hand signal, (2) the location of the vehicles after impact, and (3) whether or not the plaintiff made a sudden stop. The plaintiffs did not move for a directed verdict.
The court instructed the jury on the applicable law, but declined to give two of plaintiffs’ requested instructions which pertained to the presumption of negligence arising from a rear end collision. The plaintiffs claim that the trial court erred in refusing to give said requested instructions. The plaintiffs candidly admit that the case of Greyhound Corp. v. Ford, Fla.App.1963, 157 So.2d 427, is contrary to their position, but insist that the Greyhound decision went further than necessary in that the instruction given in the Greyhound case made no reference to the fact that an explanation had been given by the defendant or what the effect such explanation had upon the presumption, and that, therefor, the instruction was improper on the grounds that it did not properly instruct the jury on the law as raised by the evidence. The plaintiffs assert that their requested instructions are proper statements of the law because they refer to the defendant’s explanation and the effect thereof, and that, therefore, the instant case is distinguishable from the Greyhound case.
Assuming that the Greyhound decision went further than was necessary, we hold the reasoning expressed therein is eminently correct and that it is improper to instruct the jury on the presumption of negligence. The presumption is merely a device which requires the defendant to “go forward with the evidence” or suffer a directed verdict for the plaintiff. Once the defendant explains what transpired or produces evidence which “fairly and reasonably tends to show that the real fact is not *110 as presumed, the presumption dissipates and the “jury must decide the case on the conflicting theories or facts,” Greyhound Corp. v. Ford, supra, at page 428, unless, of course, the evidence is such, that the jury could not lawfully find for the defendant. If the defendant’s explanation is insufficient to rebut the presumption of negligence, as a matter of law, the case should hot be presented to the jury and upon the plaintiff’s motion a verdict should be directed for the plaintiff. If, however, the evidence is such that reasonable .men could arrive at different conclusions, the question of negligence and contributory .negligence should be submitted to the jury.. Hott v. Funk, Fla.App.1964, 165 So.2d 792. “When the matter goes to the jury in this posture it must be without the aid of the presumption.” Gulle v. Boggs, Fla.1965, 174 So.2d 26.
The plaintiffs also insist that “the evidence is insufficient to sustain the judgment of the trial court,” and that the “explanation advanced by the defendant was not legally sufficient to affect the presumption of negligence.” They rely oh Vasquez v. Stark, Fla.App.1963, 155 So.2d 905, and Boggs v. Gulle, Fla.App.1964, 162 So.2d 286. Inasmuch as the plaintiffs failed to move for a directed verdict at the close of the defendant’s case, we cannot pass on the question. It is well settled that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court. 6551 Collins Avenue Corp. v. Millen, Fla.App. 1957, 97 So.2d 490, Cert. dismissed, Fla.1958, 104 So.2d 337, and the cases cited therein; Winn-Dixie Stores, Inc. v. Sellers, Fla.App. 1964, 161 So.2d 251. In both cases cited by the plaintiffs, the error alleged was the court’s failure to enter a directed verdict,[1] The plaintiffs also alleged in their assignments of error that the verdict was against the manifest weight of the evidence. They failed, however, to argue the assignment of error in their brief, and it is therefore deemed abandoned. Rule 3.7(i), F.A.R., 31 F.S.A.
Other points raised on appeal have been considered, and are found to be without error.
Affirmed.
SHANNON, Acting C. J., and STUR-GIS, WALLACE E., Associate Judge, concur.

. It should be pointed out that subsequent to the filing of the briefs in this case the Supreme Court has reversed both eases. Stark v. Vasquez, Fla.1965, 168 So.2d 140 and Gulle v. Boggs, Fla.1965, 174 So.2d 26.