BOYD, Justice.
This cause is before us on appeal from the order of the Circuit Court, Collier County, dated October 14, 1969. That Court upheld the validity of Florida Statutes § 372.99, F.S.A., giving this Court jurisdiction of the appeal under Section 4 of Article V, of the Florida Constitution, F.S.A.
*584 Florida Statutes § 372.99, F.S.A. provides :
“372.99 Illegal taking and possession of deer and wild turkey; evidence; penalty.—
(1) Whoever takes or kills any deer or wild turkey or possesses a freshly killed deer or wild turkey during the closed season prescribed by law or by the rules and regulations of the game and fresh water fish commission, or whoever takes or attempts to take any deer or wild turkey by the use of gun and light in or out of closed season, is guilty of a misdemeanor and upon conviction shall be fined not less than $200.00 nor more than $500.00, or imprisoned for not less than 5 days nor more than 1 year.
“(2) The displaying or use of a light in a place where deer might be found, and in a manner capable of disclosing the presence of deer, together with the possession of firearms or other weapons customarily used for the taking of deer, between one hour after sunset and one hour before sunrise, shall be prima facie evidence of an intent to violate the provisions of subsection (1).”
Williams and the codefendant Mathews, appellants herein, were charged by affidavit in County Court, Collier County, in pertinent part as follows:
“ * * * did then and there take or attempt to take deer or wild turkey by the use of gun and light in or out of closed season and did then and there display or use a light or lights in a place where deer might be found and in a manner capable of disclosing the presence of deer, together with the possession of a firearm or other weapon customarily used for the taking of deer and said acts occurred between one hour after sunset and one hour before sunrise.”
Mr. F. D. Edwards, a wild life officer, testified that in the late hours of August 18 and' early morning hours of August 19, 1968, he came upon the defendants in a pine and cypress woods some three miles southeast of Bonita Springs; that he first observed a light moving “in a searching manner” and operated by someone on horseback who was moving along parallel to a power line; that deer are to be found in the area; that he observed another light being operated in a searching manner along the edge of the Piper farm in the edge of the woods; that he waited until defendant Mathews approached, still shining the light and arrested him; that Mathews was carrying a gun, a double barrel shotgun, which was loaded with double O buckshot; that defendant Mathews had the light on his head and the barrel of the gun he was carrying had been painted with “some kind of reflector deal” which aids in night hunting; that the double O buckshot in a twelve gauge is normally used for killing game such as deer or bear; that he subsequently arrested defendant Williams who was on horseback; that Williams had a headlight on and carried a single barrel twelve gauge shotgun loaded with double O buckshot; that defendant Mathews was arrested around 12:30 A.M. and defendant Williams around 1:15 A.M.
Lloyd David Wilson, another wild life officer, who accompanied Officer Edwards on the night in question corroborated the testimony of Officer Edwards.
Defendant Williams, a 55 year old farmer in the area, testified that he had had trouble with someone “messing around” with his farm equipment and was out on the night in question to look for people on the premises. Williams testified that he asked defendant Mathews, a building contractor in Bonita Springs, to go with him that night to look for trespassers. On cross-examination, defendants were asked how they expected to catch anyone on the premises when the headlights defendants were wearing could be seen at such a distance.
*585 The court in its charge to the jury, read the affidavit and statute and further charged:
“I charge you, ladies and gentlemen, that the prima facae (sic) evidence as just specified in the Statute, the legal definition is as follows: Prima facae evidence is evidence good and sufficient on its face, such evidence as in the judgment of the law is sufficient to establish a given fact or the group or chain of facts constituting the parties claim or defense, and which if not rebutted or contradicted will remain sufficient. It is evidence which sufficed for the proof of a particular fact until contradicted and overcome by other evidence. Prima facae evidence is evidence, which standing alone and unexplained, would maintain the proposition and warrant the conclusion to support which [it] is introduced.
“Ladies and gentlemen, it is incumbent upon the State to prove beyond a reasonable doubt all of the elements of this offense. The defendant is presumed innocent until proven guilty beyond and to the exclusion of every reasonable doubt.”
(Here followed a definition of “reasonable doubt”, weight of evidence, credibility of witnesses, etc.)
After retiring, the jury returned for further instruction. At that time the Court again read the charge against defendants, the Statute and at the request of the defendants, told the jury that “subsection 2 is not a crime.” The Court explained again “prima facie evidence” in part as follows:
“Ladies and gentlemen, what that is saying is this. Prima facae (sic) evidence standing by itself would be sufficient to convict.
“Prima facae evidence can be rebutted and in this instance you had testimony that came in on the other side as to the reason for the gun and the light.
“Now, what you all must do is to determine if the evidence which you have received is sufficient, if it proves the case which was made beyond and to the exclusion of a reasonable doubt.
“In other words, the prima facae evidence standing alone would suffice. There was rebutting evidence put in. Now, it is up to you to determine whether this sufficiently rebutted it.”
On appeal, the Circuit Court held that Florida Statutes § 372.99, F.S.A. was valid and that the trial court properly instructed the jury on the statutory presumption.
On appeal to this Court appellants contend: (1) that the statutory presumption of Florida Statutes § 372.99(2), F.S.A. is unconstitutional under the doctrine of Jefferson v. Sweat[1] and (2) that the jury should not have been instructed on the presumption since evidence in explanation was offered. Authorities cited in support of this last contention have to do with the so-called “vanishing” presumption arising in civil suits for negligence based on rear-end collisions.[2] These decisions are inapplicable here. The trial court correctly charged the jury in the language of the statute.
The Jefferson case, supra, cited by appellants in support of their constitutional attack on the statute, is not controlling here. That case involved the constitutionality of the following statute: [3]
“The holding, owning, having in possession of, or paying the tax for a wagering occupational tax stamp issued by the Internal Revenue authorities of the *586 United States shall be held in all the courts of this state as prima facie evidence against the person holding such stamp in any prosecution of such person for violation of the Gambling Laws of this state.”
The ultimate holding of this Court in that case was:
“Chapter 28057, Acts of 1953, as applied in this case deprives the appellant of his liberty without due process of law and denies to him the equal protection of the law in the particulars herein pointed out.” (Emphasis supplied.)
The basis of this Court’s conclusion in Jefferson regarding the constitutionality of the statute was the complete absence of evidence of any kind that the gambling laws had been violated in the community.
A comparison between the statute involved in the Jefferson case and the statute here under consideration reveals substantial differences. Florida Statutes § 372.99, F.S.A. requires more than mere possession of hunting equipment in order to raise a prima facie case. In the case at hand the statute requires certain overt acts indicative of a present ability and intention to attempt to violate or to violate the law in question. Thus, the gun and light must be possessed at a certain time of the day in a certain place and used in a manner capable of disclosing the presence of deer. The combination of these facts is, under § 372.99(2), prima facie evidence of “an intent to violate the provisions of subsection (1).”
Statutes making possession of fish or game or specified hunting or fishing equipment prima facie evidence of an intent to violate or violation, have been generally upheld in other states.[4] In State v. Person,[5] the Washington Supreme Court upheld the constitutionality of a statute similar to Florida Statutes § 372.99, F.S.A. and explained the statute’s operation as follows :[6]
“Thus, when the state produced evidence that a defendant had an artificial light and a rifle or other firearm in his possession after sunset in any wooded section or other place where deer or the other animals mentioned in the statute may reasonably be expected, the state has then proven a prima facie case of violation of the statute, which requires that the case be submitted to the jury.
“The trial court expressly refused to instruct the jury concerning the statutory presumption, although the state requested such an instruction. No error has been assigned to the trial court’s refusal to so instruct. However, in the event that such an instruction should be requested and given in the future, we think the jury should be further instructed that the presumption is not binding upon the jury even though the fact to be presumed is unrefuted by the defendant, and that the state must still sustain the burden of proving the defendant’s guilt beyond a reasonable doubt. In other words, it should be made clear that the statutory presumption permits, but in no way directs, the jury to convict the accused, and must be considered by the jury in the light of the presumption of innocence which arises upon a plea of not guilty and accompanies the accused throughout the trial until overcome by evidence which convinces the jury of the accused’s guilt beyond a reasonable doubt.
“However, once the state has established those facts which give rise to the presumption, the trial court cannot thereafter sustain a challenge to the state’s evidence nor set aside a verdict of guilty on the ground of insufficient evidence.”
In addition to considering the specific points raised by appellants on appeal, we have reviewed the entire record of appel *587 lants’ trial which was well and fairly conducted. A jury question was presented as to appellants’ explanation of their activities on the night of August 18 and the early morning of August 19. The jury discounted that explanation and found, as they were entitled to under the evidence, that the appellants were guilty of violating the statute.
Accordingly, the decision sought to be reviewed is affirmed.
It is so ordered.
ERVIN, C. J., and DREW and CARLTON, JJ., concur.
ADKINS, J., concurs in judgment.

. 76 So.2d 494 (Fla.1954).

. Greyhound Corp. v. Ford, 157 So.2d 427 (Fla.App.2d 1963); Baker v. Deeks, 176 So.2d 108 (Fla.App.2d 1965).

. Fla.Laws 1953. Ch. 28057, § 1.

. 81 A.L.R.2d 1093 (1962); see also Anno: Crimes-Presumption-Validity, 13 L.Ed.2d 1138 (1965).

. 56 Wash.2d 283, 352 P.2d 189 (1960).

. Id. at 287, 192, 352 P.2d at 192.