ZEHMER, Judge.
This is an appeal from an order of taking of real property. Appellants, James Maples, Jr. (individually and as guardian of the estate of Lisa Ann Maples, a minor), Carl Maples, Christine Hartsfield, and Wilma Von Hollen Maples, own adjacent real property in parcel number 104 near Capital Circle and Fred George Road in Tallahassee, Florida. On or about November 7, 1990, the Department of Transportation (DOT) filed a declaration of taking with respect to certain parcels of real property, including parcel number 104, and a petition to condemn those parcels for the purpose *26 of widening Capital Circle to accommodate a left turn lane into Fred George Road for southbound traffic. The proposed project includes property for road rights-of-way, borrow pits, drainage ditches, drainage easements, construction easements, and service roads.
DOT filed a petition in eminent domain to condemn the required property with the declaration of taking possession and title in advance of the entry of final judgment. Appellants filed an answer thereto, denying most of the allegations of the petition and contesting the good faith estimate of the value of the property and the extent of damages to appellants’ property. They moved to withdraw the deposited funds immediately and requested a hearing on the Order of Taking “for purposes of inquiry into the fair estimate value and for objecting to the Order of Taking.”
A hearing was held on January 8, 1991, on all issues made by the pleadings except evidence relating to the amount of a fair estimate of value to be deposited by DOT into the registry of the court. The parties reserved that issue for disposition by stipulation, and on January 23, 1991, the parties entered into a stipulation setting the fair estimate of value to be deposited by DOT at $49,000. On January 31, 1990, the circuit court entered an order of taking, finding that the declaration of taking was made in good faith and based upon a valid appraisal, and ordering that upon DOT’S deposit of $55,350 in the registry of the court within a specified time period, the right, title, and interest in the subject property would vest in the State of Florida.
Appellants first contend that the circuit court abused its discretion in entering the order of taking because it failed to require DOT to show that the proposed project can meet the permitting requirements of Chapter 17-25 of the Florida Administrative Code and of Leon County Ordinance Number 89-44.[1] This argument is predicated on the supreme court’s decision in Seadade Industries, Inc. v. Florida Power & Light Co., 245 So.2d 209 (Fla.1971), wherein, with respect to the condemning authority’s legal right to secure condemnation of lands prior to obtaining required permits from regulatory agencies for construction of the proposed project, the supreme court held that:
where independent governmental agencies charged with safeguarding natural resources must ultimately approve a project involving condemnation, the condemning authority must demonstrate a reasonable probability of obtaining approval, and it must also demonstrate that the condemnation will not result in irreparable harm should approvals be denied.
245 So.2d at 215. However, we note that in Seadade the affected landowners explicitly alleged by way of affirmative defense that the proposed project required approval of permits by other governmental agencies before construction and that such permits would not likely be obtainable for the reasons stated. In other words, the issue was expressly raised by the pleadings.
In this case, however, appellants did not plead any issue under the Seadade opinion, and a careful reading of the transcript of the hearing reveals that this issue was only injected into the case through the testimony of an expert witness presented by appellants. Although allowing the testimony, the trial court questioned its relevancy to any issues in the case, and did not give it any probative value in respect to the order now under review. We are unable to conclude on this record that the issue was fully tried by consent despite the absence of any pleading. The issue not having been properly raised and tried in the court below, we cannot entertain it as a ground for reversal on this appeal. See Lee County Oil Co. v. Marshall, 98 So.2d 510, 512 (1st DCA 1957). Even if we should treat the issue as properly injected into this proceeding, it does not appear that the trial court committed any error in rejecting it.
Appellants next contend that the circuit court erred in entering the order of taking because DOT failed to show that in exercising its condemnation power and designing the project in question, it considered the several factors outlined in Florida Power *27 Corp. v. Gulf Ridge Council, 385 So.2d 1155 (Fla. 2d DCA 1980), namely, the availability of alternative routes, cost factors, environmental factors, long-range planning, and safety. Appellants have failed to demonstrate any abuse of discretion by the trial court on this issue.
The appealed order is AFFIRMED.
ERVIN and BARFIELD, JJ., concur.

. This ordinance is also known as the “Leon County Environmental Management Act.”