JOANOS, Chief Judge.
A jury found appellant guilty of two counts of attempted sexual battery with slight force, resisting arrest without violence, and criminal mischief. Appellant contends the trial court’s grant of the state’s motion in limine eviscerated his right to a full and fair cross-examination, thereby depriving him of his Sixth Amendment right to confront witnesses against him. We disagree, and affirm.
The record reflects that the state sought to preclude the defense from eliciting testimony that the victim was in jail for contempt for failure to appear in response to a show cause subpoena, that the victim failed to honor three subpoenas for depositions, and that she did not want to prosecute the case. The trial court granted the motion, stating that the information was irrelevant. Thereafter, the trial judge permitted the defense to proffer the victim’s testimony with respect to whether she had been coerced to testify. During the proffer, the victim explained that she did not respond to subpoenas to take her deposition because she was afraid to tell in detail what the accused did to her. The victim further stated that she did not feel herself to be under duress, threat, or coercion to testify at trial. Following the proffer, the trial court did not rule on the admissibility of this proffered testimony, nor did defense counsel seek a ruling on the matter.
We conclude that the failure to obtain a ruling constituted a waiver of appellant’s right to cross-examine the victim further with respect to the matter. Moreover, even if we found some basis for treating the question as having been properly raised before the trial court, there is an absence of material in the record to demonstrate the claimed error. See Maples, et al. v. State of Florida, Department of Transportation, 588 So.2d 25 (Fla. 1st DCA 1991); A. McD. v. State, 422 So.2d 836, 338 (Fla. 3d DCA 1982); Ehrhardt, Florida Evidence § 104.6 (2d Ed.1984).
Accordingly, the judgment of conviction and sentence are affirmed.
ALLEN, J., and WENTWORTH, Senior Judge, concur.