**SOUTHERN LIQUOR DISTRIBUTORS INC., a Florida Corporation, v. KARL H. KAISER, JR., et al., minors, by their next friend and mother, MARION L. KAISER, widow.**

7 So. (2nd) 600                                                     En Banc
February 27, 1942      On Petition for Rehearing April 7, 1942
                                      Rehearing Denied May 1, 1942

Kurtz, Reed, Sappenfield & Cooper, for plaintiff in error.

Webster G. Wallace, Alfred E. Sapp and M. Lewis Hall, for defendants in error.

THOMAS, J.:

A trial of the issues formed by the declaration and pleas of not guilty and contributory negligence resulted in a verdict in favor of the plaintiffs.

In the initial pleading it was charged that the defendant, a corporation, through its agent so negligently operated a motor truck that the death of one' Karl Kaiser ensued, and the parties in whose behalf the suit was filed were described as certain "minors, by their next friend and mother, Marion L. Kaiser, a widow. . . ." In the body of the declaration the deceased was described as "father of the above named minor plaintiffs, and the divorced husband of the above named Marion L. Kaiser, mother of said minors. . . ."

An attack was made on the declaration by demurrer which contained grounds quite general in their nature and there is considerable mention in the briefs about· what was and was not presented to the trial court at the time the demurrer was argued, that is, whether the defect now claimed for the declaration was actually drawn to the attention of the judge at the time he passed upon its sufficiency.

Although we reiterate the doctrine announced in Caldwell et al v. Peoples Bank, 73 Fla. 1165, 75 So. 848, that matters not presented to the trial court should· not be considered here, nevertheless, we can hardly invoke the rule in the instant case because the record does not reflect precisely what objections to the declaration were pointed out in the argument presenting the demurrer and it is not possible for us to determine exactly what was considered by the court.

It is the position of the plaintiff in error that the declaration wholly failed to state a cause of action

because it did not show that Karl Kaiser, the deceased, had not remarried after his divorce from the next friend and mother of the plaintiffs and that, therefore, it could suffer double jeopardy if another suit were brought by one to whom he was married at the time of his death. On the part of the defendants in error the reply to this assertion is that, nothing having appeared to the contrary, it should be presumed that the celibacy of Karl Kaiser continued after the divorce.

The statute, Section 7048, C.G.L., 1927, provides that a suit for wrongful death "shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action. . . ."

The suit could properly be brought by the minors in the event no wife survived the deceased and we are faced with the decision of the question whether, having once married and been divorced, there would be any presumption in favor of the minor children that the deceased did not remarry. This is the position assumed by the defendants in error. It has been definitely established by this court in Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158, that if such a suit is brought by any persons other than the widow or husband, "the declaration, in order to show a cause of action, should affirmatively show the nonexistence of any other person having a precedent right of action over the plaintiff under the statute."

The demurrer definitely challenged the right of the plaintiffs to recover and questioned the sufficiency of the allegations of the declaration to state a cause of action. Thus was presented in proper fashion the absence of averments showing the nonexistence of a

person having a precedent right to sue, namely, a widow. As the defendants in error insist, there is a general rule that a condition once established is presumed to continue but our study of the cases they cite does not reveal the availability of that rule to supply a necessary averment in a declaration. It is not a rule of pleading. Fredericks v. Tracy, et al., 98 Cal. 658, 33 P. 750.

The construction is against the pleader and an essential allegation will not "be imported into the declaration by mere inference or intendment." Thus has the general rule been stated by this court. Woodrock v. Wilcox, 98 Fla. 14, 122 So. 789. Considering both of these decisions, Benoit v. Miami Beach Electric Company and Woodcock v. Wilcox, supra, the conclusion is inescapable that an allegation that no widow survived was indispensable and that no presumption could have been indulged to furnish it.

The demurrer should have been sustained.

It is contended by the plaintiff in error that the jury was influenced in arriving at its verdict because of the injection into the trial of information that the defendant was protected by an insurance policy. We have carefully examined the parts of the record reflecting the references to insurance protection and, although we feel that counsel for plaintiff in his manner of questioning witnesses came dangerously near introducing reversible error, despite the effort of the trial judge to halt him, we are not convinced that his examination in this regard was so irregular that the judgment should be set aside on that ground. Our view coincides with that of the trial judge expressed when he denied a motion for a mistrial: "I deny the motion; but if you had gone just one step

farther . . . I would have to declare a mistrial." There is no reason to jeopardize a verdict by references to insurance protection of a defendant because decisions of this Court have charted the way trials may be fairly conducted without such a risk.

We have examined the evidence in the case and although it can hardly be considered very strong in support of the claim that the deceased lost his life as the proximate cause of the negligent operation of the automobile, nevertheless, it was sufficient to warrant the jury passing upon the matter without interference on the part of the trial court in response to motions for directed verdict.

The last question presented by the plaintiff in error is the one dealing with the court's action in refusing certain charges requested by the plaintiff. We have examined the proposed instructions and those given by the court and we do not find that any error was committed.

Summarizing, it is our conviction that the demurrer to the declaration should have been sustained; that the references to the protection of insurance appearing from time to time in the trial were irregular but not of sufficient importance to justify a holding that the verdict was vitiated by them; that there was sufficient testimony to deny the motions for directed verdict; and that the court's ruling on the charges requested by the plaintiff was correct.

In view of these conclusions it is unnecessary to discuss the amount of the jury's award.

Affirmed in part; reversed in part.

BROWN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.

WHITFIELD and CHAPMAN, JJ., dissent.

ORDER ON PETITION FOR REHEARING

PER CURIAM:

On original consideration, this case was reversed because the action was brought in behalf of the plaintiffs by their mother as next friend who was divorced from the deceased father more than a year before his death and the declaration did not allege that the fact that deceased had not remarried and left a lawful wife who had the prior right of action under Chapter 7048, Compiled General Laws of 1927. Some of the justices also felt that the verdict was excessive.

On petition for rehearing a majority of the Court have reached the conclusion that if the plaintiffs will enter a remittitur in the sum of five thousand dollars, to be applied pro tanto to the respective judgments, and amend the record to show that the deceased had not remarried and left a lawful wife with prior right of action under the statute, our former judgment of reversal will be set aside and the judgment of the circuit court permitted to stand for the balance; otherwise the cause will stand reversed for a new trial.

It is so ordered.

WHITFIELD, TERRELL, CHAPMAN, and ADAMS, concur.

BROWN, C. J., BUFORD and THOMAS, JJ., dissent.

THOMAS, J., dissenting to the "Order on Petition for Rehearing.":

I am unable to agree either to the order on the petition for rehearing or the procedure followed culminating in it. In the opinion filed in the cause it was

decided that the declaration was defective and that the demurrer to it should have been sustained. The opinion concluded with the statement that in view of the decisions of the matters considered it was unnecessary to discuss the amount of the verdicts. A petition for rehearing was filed, which has not been granted, and yet by the above order "if the plaintiffs will enter a remittitur . . . and amend the record to show that the deceased had not remarried and left a lawful wife . . . our former judgment of reversal will be set aside and the judgment of the circuit court permitted to stand for the balance; otherwise the cause will stand reversed for a new trial."

It is my view that the original opinion of the court and the order on petition for rehearing, when construed together, result in considerable confusion. If it is necessary, as stated in the original opinion, that the declaration, in order to entitle the plaintiffs to recovery, must contain the allegation of the non-existence of the wife of the person who was killed in the automobile accident, then such an amendment of the pleading must be made and the defendants have a right to place that averment in issue. I do not know how the *record* can be amended to show that fact and yet it is the substance of the order that if such a revision is made the judgment of the lower court will stand for the amount of the verdicts after entry of the remittitur. For these reasons I am unable to concur.

BROWN, C. J., and BUFORD, J., concur.