PER CURIAM.
The appellant, plaintiff in the trial court, seeks review of two adverse summary judgments in favor of the appellees, original defendants in a negligence action.
The principal question on this appeal is whether or not the defendants, their employees or agents were under any duty to warn the deceased of a dangerous condition. An examination of the record discloses that the deceased and the appellees were working on the construction of a sewage project in the City of Fort Pierce, Florida. That during the process of the construction, the appellee, Suez Company [who was the sub-contractor of the independent contractor, the appellee, Halpin, Inc.], became aware of a dangerous condition, to wit: contaminated air in and about a “pumping station” they were constructing. Immediately upon discovering the condition, they alleviated it in the station involved, notified the prime contractor, the consulting engineer and the police department of the municipality, and placed a sign upon the pumping station. This sign was within approximately 15 feet of a manhole in which the deceased met his death. At the time of notification to the prime contractor and the others, as noted above, work on the project was stopped because of inclement weather. The notification was given on a Friday, and the representatives of the appellees were advised that no one would be working on the project on the following Saturday, but in. fact, the deceased did enter upon the job site on the next resulting day, at which time he met his death, as indicated on the death certificate as follows:
******
“18. Cause of Death * * *
Part 1. Death was caused by: Immediate Cause (a) Asphyxiation due to Methelene Gas. Interval Between Onset and Death: Sudden”
******
We affirm the action of the trial judge in granting the summary judgments because no violation of the duty to warn is disclosed in the record, in light of the facts above recited. We concur with the citation by the appellant of Woodcock v. Wilcox, 98 Fla. 14, 122 So. 789, that there may be liability by the independent contractors working on a project where their work is interrelated, as there was on the instant project. However, it appears that the appellees, through their agents, duly discharged any duty that they would have owed to the deceased.
Although the effect of this opinion is to affirm the action of the trial judge in the granting of the summary judgments, we have examined the cross-assignment of error which contended that the trial judge erred in failing to dismiss the cause for want of prosecution, and find no error in this regard. See: Adams Engineering Co. v. Construction Products Corp., Fla.1963, 156 So.2d 497.
Therefore, for the reasons above stated, the summary final judgments here under review are hereby affirmed.
Affirmed.