PER CURIAM.
The plaintiff, who was the owner of the Yacht Bluebelle, which was sunk in the infamous Dupperault tragedy, appeals a final judgment dismissing his complaint for damages against Richard H. Bertram and several corporations alleged to have acted as plaintiff’s agents in dealings concerning the Yacht The trial court dismissed an amended complaint with prejudice upon the ground that it failed to state a cause of action. We affirm.
The appellant had purchased the vessel through the services and listings of the ap-pellees, Richard H. Bertram, Walter W. Bertram and Richard H. Bertram & Co., Miami, who were acting as brokers for the sale and chartering of vessels and who represented the seller in the sale of the Bluebelle.
The appellees, Richard H. Bertram, Julian I. Weinkle and William Kneapler provided a portion of the funds utilized by Pegg to purchase the Bluebelle. This loan was evidenced by a promissory note and secured by a ship’s mortgage and a chattel mortgage on the Bluebelle. The appellees, Richard H. Bertram & Co., and Bertram Leasing Co., arranged the hull insurance on the Bluebelle for the purpose of protecting the mortgagees’ interest
The brokers as an inducement for the sale represented to Pegg that if he purchased the Bluebelle they would assist him in obtaining charters for the vessel. Aft *920 er the sale, the owner Pegg spent some $7,-000 refurbishing the Bluebelle in order to make it suitable as a charter vessel. About this same time the brokers recommended to Pegg that he employ Julian A. Harvey as the Master of the Bluebelle. Upon the brokers’ advice, Pegg hired Harvey.
Pegg gave the defendants his authorization to obtain charters for the yacht on the best terms available. Subsequently, the appellee Richard H. Bertram & Co. secured a charter for the Bluebelle with one Dr. Arthur Dupperault of Green Bay, Wisconsin. By the terms of the charter agreement, provided by the brokers, the Captain was in no way to be the agent of the owner. However, the charter agreement was not signed by the brokers or the owner but rather was signed by Julian Harvey for the owner Harold S. Pegg.
Thereafter the charter party, Arthur Dupperault, signed on Julian Harvey as yacht captain and master of the Bluebelle, pursuant to a yacht employment agreement prepared by the brokers and upon the brokers’ recommendation. It is alleged that the brokers knew or should have known that Harvey was not a licensed captain and that his employment as master was in violation of 46 U.S.C. § 526, which subsequently resulted in the owner having to pay a fine.
By the terms of the charter agreement, Dupperault was to have paid a total charter fee on or before delivery of the vessel. This sum was never paid in full. Also, by the terms of the charter agreement, Dup-perault was required to keep himself and the yacht fully insured with respect to protection and indemnity. Such insurance was never purchased by Dupperault.
Sometime in November 1961, while on the Dupperault charter the Bluebelle was lost at sea, together with Dr. Arthur Dup-perault, his wife Jean Dupperault, a son, and Mary Dene Harvey, wife of the captain, Julian Harvey. The only survivors were Captain Harvey and Dr. Dupperault’s eleven-year old daugther, Terry Jo Dupper-ault.
Thereafter, Pegg brought suit against the appellees, jointly and severally, seeking indemnity alleging that he was damaged as a proximate result of their negligence.
Upon the defendants’ motion, the lower court dismissed the amended complaint with prejudice on the ground that it failed to state a cause of action. As stated by the appellant on this appeal, “[t]he real gist of the plaintiff’s complaint against the defendants is that this conglomeration of corporations, individuals, partnerships, and joint venturers, acting jointly and severally as independent contractors in various stages of their dealings with the plaintiff negligently represented him, and negligently performed their agency duties causing him to suffer the various damages complained of in the amended complaint.”
The appellant has presented on this appeal three points involved. They are:
“I. DOES THE CIRCUIT COURT HAVE JURISDICTION OF A COMPLAINT FOR DAMAGES BY A SHIPOWNER AGAINST HIS AGENTS, AS INDEPENDENT CONTRACTORS, FOR NEGLIGENCE PERFORMANCE OF THEIR AGENCY DUTIES?
“II. IS A SHIPPING AGENT RESPONSIBLE TO INDEMNIFY A SHIPOWNER FOR LOSSES THE SHIPOWNER SUFFERS VICARIOUSLY AS THE RESULT OF THE AGENT’S NEGLIGENT PERFORMANCE OF ITS AGENCY DUTIES?
“III. DOES A SHIPOWNER HAVE A CAUSE OF ACTION AGAINST HIS AGENT FOR FAILURE TO COLLECT CHARTER HIRE AS REQUIRED BY THE CHARTER PARTY?”
*921 We first note that an appellate court, in reviewing an order dismissing a complaint may not supply an essential allegation by inference, Southern Liquor Distributors v. Kaiser, 150 Fla. 52, 7 So.2d 600, and must construe the complaint most strongly against the pleader. Edwards v. Maule Industries, Inc., Fla.App.1962, 147 So.2d 5; Matthews v. Matthews, Fla.App.1960, 122 So.2d 571.
The first point is not in issue. The ap-pellees, and we must presume the trial court, agree with the appellant that the state courts have concurrent jurisdiction of admiralty claims under 28 U.S.C.A. § 1333. There is nothing to indicate that the complaint was dismissed on jurisdictional grounds.
The second point urges that an agent may be liable to his principal for a negligent performance of his agency obligations. The appellant relies upon Hale v. Adams, Fla.App.1960, 117 So.2d 524 for support for this proposition. That opinion dealt with an action sounding in tort and there is no doubt that tort liability does exist for negligence by an agent in the handling of the property of his principal. Restatement (Second), Agency §§ 376, 379, 401 (1958); 2 Am.Jur.2d Agency, § 202 (1962). However, it is apparent that the complaint if tested as a claim for tort liability would not state a cause of action because insufficient facts are alleged to show the violation of a duty to exercise due care in the handling of appellant’s property. 23 Fla.Jur., Negligence § 102 and cases cited therein.
In the present instance the appellant insists that he is proceeding upon an agency contract, although it may sound similar to an action in tort since the gravamen of the complaint is the negligent performance of the services. In response to appellant’s claim of a violation of contract by the agent, the appellees insist that there is no such liability. We think that the law recog-nised a claim in contract for the careless and negligent handling of the principal’s property by the agent. Restatement (Second), Agency, §§ 379, 400, 401 (1958) ; cf., Jones v. Central Nat. Bank & Trust Co., 110 Fla. 262, 148 So. 765 (1933).
The question then becomes whether or not the facts alleged in the complaint, if proved, would show a negligent performance of agency duties imposed by a contract of agency as to be sufficient to state a cause of action in contract. We return to appellant’s statement quoted above that “this conglomeration of corporations, individuals, partnerships, joint venturers * * * negligently represented him and negligently performed their agency duties * * We think that a fair reading of the facts alleged in the complaint shows only suspicion by the appellant that someone has not done his duty as an agent. He does not allege a contract which imposed upon any defendant or several of them jointly the obligation to recommend to him a competent master for the Bluebelle. Similarly, the complaint does not set forth that after the appellant entered into a charter agreement, by means of the Master Harvey signing for the owner, there was a contract that required anyone to collect for appellant the full amount of the charter agreement or to see that Dupperault secured proper insurance. The alleged fact that the charter agreement itself violated the terms of his insurance is a responsibility that appellant must accept because it was his own contract with Dupperault which allowed the violation. We therefore conclude that while appellant’s second point may be answered in the affirmative, it does not follow that the complaint stated a cause of action in the absence of allegations as to the contract which imposed the duties allegedly violated.
We have already dealt with the matter of the failure to collect charter hire, which is the circumstance brought forward in appellant’s third point. Accordingly, finding no error in the order dismissing the complaint for failure to state a cause of action, we affirm.
Affirmed.