JOHNSON, Judge.
This is an appeal by the plaintiff below from a final order of dismissal in a paternity suit. The appellee has filed no papers whatsoever in connection with this appeal.
On July 2, 1970, appellant filed her complaint seeking a determination that appellee *833 was the father of her child born on June 8, 1966, and demanding child support. On July 9, 1970, appellee filed a letter with the trial court stating that he was financially unable to pay any child support, court costs or attorney’s fees. Attached to said letter was a copy of a release and receipt signed by appellant and dated July IS, 1966. Said release provided that, for a consideration of $462.00 and pursuant to an agreement entered into on May 10, 1966, the appellant forever discharged appellee “from any and all manner of action or actions, cause and causes of action, suits, debts, sums of money or demands of any nature as a result of the birth of that certain female child * * * born * * * on the 8th day of June A. D. 1966.” Another letter from appellee to the same effect was filed with the court on August 24, 1970.
After a hearing at which appellee failed to appear, the trial judge entered its final order of dismissal with prejudice on November 10, 1970. Said order recited that it had considered all matters including the release and laches of the plaintiff, and that it affirmatively appeared from the complaint that the appellant’s cause of action was barred by the statute of limitations. (F.S.A. § 95.11(9)). The lower court further held that the appellee’s correspondence to the court sufficiently raised the defense of the statute of limitations.
Appellant now raises two points for our consideration. She first contends that the trial court erred in entering the final order of dismissal with prejudice because the affirmative defense of the statute of limitations was not properly raised by appel-lee. She points out that had the defense been properly presented to the court, her trial counsel could have adduced evidence in rebuttal, such as would show that payments of money had been made after the birth of the child or that appellee was residing outside the State of Florida. Section 95.11(9) of the Florida Statutes provides that a bastardy proceeding may be instituted at any time until the illegitimate child reaches four years of age (here, the child was four years and about three weeks old when the suit was instituted), provided that if the defendant makes payment of any money to the plaintiff during those four years, the action shall not be barred until four years after the date of the last payment (here, the release and receipt were signed on July 15, 1966, and suit was instituted on July 2, 1970). Section 95.07, Florida Statutes, provides that if a person is out of the state when or after the cause of action accrues against him, the time of his absence is not a part of the time limited for the commencement of the action. Appellant further contends that there was absolutely no indication from the correspondence filed by appellee that he wished to raise the defense of the statute of limitations to this action.
Our review of this case leads us to agree with appellant’s contention that it was error for the court below to dismiss this cause with prejudice. Generally, a judgment is not reversible on the ground of a defective pleading unless there has been a miscarriage of justice. F.S.A. § 59.041. We think, however, after examining the entire record in this case, that it clearly appears that a miscarriage of justice resulted to appellant when the defense of the statute of limitations, upon which the suit was dismissed, was not properly raised below.
In construing a pleading, the court is prohibited from inserting an essential allegation in that pleading by inference. As stated in Pegg v. Bertram, 176 So.2d 918, 921 (Fla.App.3rd, 1965):
“* * * an appellate court, in reviewing an order dismissing a complaint may not supply an essential allegation by inference, * * * and must construe the complaint most strongly against the pleader.”
The same is true when the pleader is the defendant. Just as in the statement of a *834 claim, the requirement of certainty will be insisted upon in the pleading of a defense. A plaintiff is as much entitled to be aware of the ground upon which it is claimed he should not recover as is a defendant to be apprised of the basis of the plaintiff’s claim. The degree of certainty required in a pleading is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence. 25 Fla.Jur., “Pleadings”, §§23 and 24.
Under no circumstances can it be said that the appellee herein sufficiently raised the defense of the statute of limitation. The only defenses which can be gleaned from his correspondence were that he was unable financially to make support payments and that appellant had previously signed a document releasing him from any such obligation, said document incidentally providing a ground for rebuttal to any limitation defense which could have been raised by appellee. Thus, under the facts of this case, we must reverse the order of dismissal and remand the cause to the trial court for further proceedings.
In light of our reversal of the dismissal order upon the ground of a gross deficiency in the pleadings, we do not deem it necessary to discuss herein appellant’s second contention concerning the inadequacy of the release. However, we do pause to suggest to the court below that, when it reconsiders the case upon the merits on remand, it closely scrutinize the adequacy of the consideration received by appellant for the signing of such a release in connection with the paternal responsibility for child support payments over a number of years.
Reversed and remanded.
SPECTOR, C. J., and RAWLS, J., concur.