601 So.2d 609 (1992)
Larry SIMMONS, Appellant,
v.
Milton ROORDA d/b/a Regal Builders, Appellee.
No. 91-02098.
District Court of Appeal of Florida, Second District.
June 19, 1992.
Rehearing Denied July 22, 1992.
*610 Kendall A. Almerico of Berkowitz & Almerico, Tampa, for appellant.
Eric A. Schultz of Chelius & Murphy, Tampa, for appellee.
BLUE, Judge.
On April 20, 1989, Appellant was injured in an accident at a construction site. He was wiring in the attic space of a home under construction when a wood roofing truss on which he was walking broke, causing him to fall ten feet to a concrete floor. Appellant brought suit against Appellee, the truss installer, for negligent installation, inspection and handling of the trusses. The jury found that Appellee was not liable. Appellant raises four issues, only two of which have merit.
We affirm the trial court's decision permitting a former employee of Regal Builders to testify as to his personal knowledge of the routine practices of the organization. § 90.406, Fla. Stat. (1987). We also agree with the trial court's decision to allow the testimony of the construction site superintendent concerning the work achievements of Appellee. Appellant opened the door to this testimony during his opening statement, when he commented upon Appellee's poor work performance.
Appellant argues that the trial court erred in failing to instruct the jury concerning the duty owed between contractors when working together at a construction site. We agree. The following jury instruction was submitted during trial:
The court instructs you as a matter of law that where two or more independent contractors are working in or about a building and any one of them is doing work pursuant to his contract that he knows or should know to be dangerous to the employees of the other contractors lawfully engaged in other work in or about the building and which they are under obligation to perform, the contractor engaged in such dangerous work should use due care to perform in such a manner as not to endanger persons in the employ of the other contractors so lawfully engaged in such work. Woodcock v. Wilcox, 98 Fla. 14, 122 So. 789 (1929).
The trial court must fully and fairly instruct the jury on the issues in a case. Where a theory of the case is supported by competent evidence a party is entitled to an instruction on that theory when it is properly requested. Luster v. Moore, 78 So.2d 87 (Fla. 1955); Harnly v. Watson, 519 So.2d 18 (Fla. 2d DCA 1987), *611 review denied 528 So.2d 1182 (1988). The jury in the instant case was not given the requested instruction, nor any other instruction with respect to the duty between contractors at a construction site, and did not have guidance in determining whether any duty existed or had been breached.
We also agree with Appellant's contention that the trial court erred by failing to admit a photograph of another crack discovered after the accident in the same truss system. The trial court permitted a witness to testify that upon inspection of the trusses in the house where Appellant was injured, the witness discovered a truss with a large crack in its side. The photograph depicts the crack about which the witness testified. The witness further testified that this type of crack could only have been caused by severe mishandling at the construction site, and that a reasonable inspection of the trusses would have discovered this defect.
If a photograph is a correct representation of a physical object to which testimony is adduced, it is admissible in evidence for the use of witnesses to explain their testimony and to enable the jury to understand the case. Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla. 2d DCA 1982). The photograph provided probative evidence of a crack in a truss in the same house and roofing system where Appellant was injured. Therefore, the photograph is relevant to the issue of Appellee's failure to inspect.
We affirm in part, reverse in part, and remand for a new trial.
LEHAN, A.C.J., and PATTERSON, J., concur.