PER CURIAM.
The appellant, Larry Popejoy, was riding his bicycle on a sidewalk when an automobile, which was pulling into a driveway, struck him. We hold that under the facts and circumstances of this negligence case the trial court erred in failing to give requested instructions encompassing the following two statutes: Section 316.130(15), Florida Statutes (1989),[1] and section 316.2065(10), Florida Statutes (1989).[2]
Accordingly, we reverse and remand for a new trial. See Sotuyo v. Williams, 587 So.2d 612 (Fla. 1st DCA 1991); Mathieu v. Schnitzer, 559 So.2d 1244 (Fla. 4th DCA), rev. dismissed, 570 So.2d 1306 (Fla.1990); Hammond v. Jim Hinton Oil Co., 530 So.2d 995 (Fla. 1st DCA 1988); see also Simmons v. Roorda, 601 So.2d 609 (Fla. 2d DCA 1992); Bradley v. Guy, 438 So.2d 854 (Fla. 5th DCA 1983).
REVERSED AND REMANDED.
STONE, J., and WALDEN, JAMES H., Senior Judge, concur.
FARMER, J., concurs specially with opinion.

. Section 316.130(15), Florida Statutes (1989), provides as follows:
Notwithstanding other provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian or any person propelling a human-powered vehicle and give warning when necessary and exercise proper precaution upon observing any child or any obviously confused or incapacitated person.

. Section 316.2065(10), Florida Statutes (1989), provides as follows:
A person propelling a vehicle by human power upon and along a sidewalk, or across a roadway upon and along a crosswalk, has all the rights and duties applicable to a pedestrian under the same circumstances.